FILED
SUPERIOR COURT
OF GUAM

2024 OCT -7 PM 3: 07

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

HARBIN CONSTRUCTION, INC., )    CIVIL CASE NO. CV0405-17
                                )
     Plaintiff/Counterclaim-Defendant, )
                                )
         vs. )
                                  )
BESTRY CORPORATION, )
                                  )
     Defendant/Counterclaim-Plaintff, )
                                  )
_____ )    **DECISION AND ORDER**
                                  )    **RE. HARBIN CONSTRUCTION, INC.'S**
                                  )    **RULE 52(B) MOTION TO MAKE**
JIN KE GUAM DEVELOPMENT, LTD., )    **ADDITIONAL FINDINGS AND**
                                  )    **AMEND THE JUDGMENT**
     Intervenor-Plaintiff, )
                                  )
         vs. )
                                  )
HARBIN CONSTRUCTION, INC., )
                                  )
     Intervenor-Defendant )
_____ )

### INTRODUCTION

This matter is before the Honorable Maria T. Cenzon on Plaintiff/Counterclaim-Defendant and Intervenor-Defendant Harbin Construction, Inc.'s ("Harbin") Rule 52(b) Motion to Make Additional Findings and Amend the Judgment Accordingly (the "Motion"). Harbin is represented by Attorneys Thomas C. Sterling and R. Marsil Johnson. Defendant/Counterclaim-Plaintiff Bestry Corporation, Inc. ("Bestry") and Intervenor-Plaintiff Jin Ke Guam Development Ltd., ("Jin Ke") are represented by Attorney Georgette Concepcion. Following oral arguments

*Harbin v. Bestry; Jin Ke v. Harbin*, Civil Case No. CV0405-17
Decision and Order Re. Plaintiff's Rule 52(b) Motion to Make Additional Findings and Amend the Judgment Accordingly
Page 1 of 10

from the parties and a submission by Harbin of proposed Amended Findings of Fact & Conclusions of Law, the Court took the Motion under advisement pursuant to CVR 7.1(e)(6)(D) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM.

After reviewing the record, including all the pleadings on file in this Motion, hearing oral arguments from the parties, considering Harbin's Proposed Amended Findings of Fact and Conclusions of Law and Bestry/Jin Ke's Reply thereto, and the applicable law, the Court now issues this Decision and Order **DENYING** Harbin's Motion.

## PROCEDURAL BACKGROUND

A bench trial of this matter was held over the course of several months and involved hundreds of pages of exhibits and extensive testimony from numerous witnesses, including off-island witnesses requiring interpreters, on August 21, 22, 23 and 26, 2019; February 4, 5, 7 and 10, 2020, and November 30, 2021. At the conclusion of trial, the Court ordered the parties to submit proposed Findings of Fact and Conclusions of Law for its consideration. Harbin submitted a 15-page Proposed Findings of Fact and Conclusions of Law on January 18, 2022. Harbin's [Proposed] Findings of Fact and Conclusions of Law (Jan. 18, 2022). Bestry and JinKe jointly submitted a 25-page proposed Findings of Fact and Conclusions of Law on January 18, 2022. Bestry and Jin Ke's Findings of Fact and Conclusions of Law (Jan. 18, 2022). After considering the proposals of all the parties, the testimony of the witnesses and the documentary evidence presented during the trial, the Court issued its Findings of Fact and Conclusions of Law (hereinafter "FFCL") on May 18, 2022, followed by a Judgment on July 28, 2022. Findings of Fact and Conclusions of Law (May 18, 2022); Judgment (July 26, 2022).

In its decision, this Court denied Harbin's claims for relief and awarded Bestry consequential damages in the amount of $493,000.00 (reduced by $60,000) and liquidated

*Harbin v. Bestry; Jin Ke v. Harbin*, Civil Case No. CV0405-17
Decision and Order Re. Plaintiff's Rule 52(b) Motion to Make Additional Findings and Amend the Judgment Accordingly
Page 2 of 10

damages in the amount of $197,000.00. *Judgment* (Jul. 26, 2022). Additionally, the Court awarded Jin Ke liquidated damages in the amount of $49,250.00. *Id.*

On August 2, 2022, Harbin timely filed its Rule 52(b) Motion to Make Additional Findings and Amend the Judgment Accordingly ("Motion"). On August 29, 2022, Bestry/Jin Ke filed its Opposition to Plaintiff's Rule 52(b) Motion to Make Additional Findings of Fact & Conclusions of Law ("Opposition"). On November 21, 2022, the Court held a hearing on Harbin's Motion and heard oral arguments from the parties; however, Harbin's counsel was unable to pinpoint particular portions of the testimony or exhibits in support of the Motion and in response to the Court's questions. As such, the Court permitted Harbin to submit additional information in support of its Motion. In particular, the Court instructed Harbin to cite to particular portions of the testimony on the record or documentary exhibits presented at trial which would clearly support a finding that the FFCL was erroneous.[1]

After some time had passed without additional submissions from Harbin, on May 3, 2024, the Court issued an Order compelling Harbin to submit proposed Amended Findings of Fact and Conclusions of Law in order to specify the parts of the record which support Harbin's complaint that the Court's previous findings were clearly erroneous. Order Re. Plaintiff Harbin Construction Inc.'s Pending Rule 52(b) Mot. to Make Additional Findings and Amend the Judgment (May 3, 2024).[2] On May 24, 2024, Harbin submitted its Proposed Amended FFCL, and on June 7, 2024, Bestry/Jin Ke filed their Reply.

//

//

---

[1] See, Amended Order Re. Plaintiff Harbin Construction, Inc.'s Pending Rule 52(B) Motion to Make Additional Findings and Amend the Judgment (May 15, 2024).
[2] The Court subsequently issued an Amended Order that corrected typographical errors and did not make any substantive changes. *See* Amended Order (May 15, 2024).

*Harbin v. Bestry; Jin Ke v. Harbin,* Civil Case No. CV0405-17
Decision and Order Re. Plaintiff's Rule 52(b) Motion to Make Additional Findings and Amend the Judgment Accordingly
Page 3 of 10

## DISCUSSION

### A. Legal Standard for Rule 52(b) Motion.

A Rule 52(b) motion for reconsideration is appropriate in the following instances: (1) the court is presented with new evidence; (2) the court committed clear error or the decision was manifestly unjust, or (3) if there is an intervening change in controlling law. *See Town House v. Ahn II*, 2003 Guam 6 ¶ 34 (quoting *Nat'l Metal Finishing Co. v. Barclays/American Commercial Inc.*, 899 F.2d 119, 123-24 n.2 (1st Cir. 1990) (recognizing that frequently articulated grounds for granting a Rule 52(b) motion include "manifest error of law of fact," "newly discovered evidence," and "an intervening change in the law"). "Motions made under Rule 52(b) 'are not intended merely to relitigate old matters nor are such motions intended to allow the parties to present the case under new theories.'" *Id.* (quoting *Evans, Inc.*, 416 F. Supp. at 244 (reciting this standard for both a motion to amend under Rule 52(b) and Rule 59(e)).[3]

Harbin questions the "sufficiency of the evidence supporting the findings" of this Court. The Motion is timely, as it was filed on August 2, 2022, seven (7) days after the Judgment was entered on July 26, 2022.[4] As Harbin recognizes in its moving papers, "Rule 52(b) is intended to permit a party to move the trial court to clarify or supplement fact findings *to enable to the appellate court to understand the factual issues determined at trial.*" Motion at p. 2 (emphasis added) (citation omitted). Harbin also notes that "[t]he purpose of a motion under Rule 52(b) is to allow the trial court to correct manifest errors of law or fact." Id.

---

[3] Although Harbin did not file its Motion under Rule 59(e), motions for reconsideration made under Rule 52(b) closely approaches, if not exactly mirror, the standard for motions for reconsideration under Rule 59(e). *See Town House II*, 2003 Guam 6 ¶ 34 ("a motion to amend under 52(b), which seeks to introduce new evidence, 'closely approaches a motion for a new trial on the ground of newly discovered evidence . . . .'" (internal citations omitted).
[4] See GR Civ. Proc. 52(b) (requires motions therein to be filed within ten (10) days of entry of judgment).

*Harbin v. Bestry; Jin Ke v. Harbin*, Civil Case No. CV0405-17
Decision and Order Re. Plaintiff's Rule 52(b) Motion to Make Additional Findings and Amend the Judgment Accordingly
Page 4 of 10

**B.  Harbin's Claims of Clear Error.**

Harbin argues that the Court made the following errors in its Findings of Fact and Conclusions of Law: (1) The Judgment failed to provide Harbin any credit for the remaining contract balances; (2) Bestry was awarded the Jin Ke Contract completion costs; and, (3) the Judgment awards Bestry the amounts for completing the entire project, not just the Harbin contract.

### 1. The Court cited the factual and legal basis for the denial of Harbin's claims and Harbin was not entitled to any credit.

Harbin asserts that the Court failed to make a finding as to the remaining contract balances under their contract with Bestry. *See* Mot. at p. 3. On the contrary, the Court clearly set forth the bases upon which the rejection was founded; specifically, the Court held that it could not arrive at an estimate of damages to be awarded to Harbin due to the lack of evidence and the Court's inability to reconcile amounts sought by Harbin as proffered at trial. *See* FFCL at 22-24 (May 18, 2022) (citing *Guerrero v. DLB Constr. Co.*, 199 Guam ¶ 29) ("in order for an award of damages to be made, sufficient facts must be introduced to allow the finder of fact to arrive at an intelligent estimate without speculation or conjecture"). Notably, the Court found that performance under the contract was treated inconsistently as clear construction schedules were not provided by Harbin to track amounts that were due, despite recommendations by several consultants to do so. *Id.* at 22, 23. Additionally, the evidence at trial indicated that work conducted by Harbin's successor contractors included corrective work due to "the project sitting for an extended length of time during Harbin's work cessations, or due to faulty construction on Harbin's part." *Id.* at 23.

Harbin claims that the Court erred in failing to make "an additional finding as to the contract balances remaining in the Bestry contract and the judgment to Bestry should be adjusted

*Harbin v. Bestry; Jin Ke v. Harbin*, Civil Case No. CV0405-17
Decision and Order Re. Plaintiff's Rule 52(b) Motion to Make Additional Findings and Amend the Judgment Accordingly
Page 5 of 10

accordingly by deducting these amounts from Bestry's damages." Mot. at 2. However, the Court found that Bestry had paid Harbin $482,481.84 in excess of its original contract of $1,449,508.00 despite the lack of construction schedules and weekly and monthly progress reports, inconsistent methods of payment approvals, and the failure of all the parties to follow standard practices for construction contracts. Additionally, the Court determined that "[b]y February 2017, it was unclear what, if any, work remained under the original contract and what was allegedly pursuant to a change order or unmemorialized agreement between Zhou [Harbin's (original contractor) owner] and Cai [Bestry (Building owner)]." FFCL at pp. 25-26. In adjudicating Harbin's claims, the Court, after enumerating all the facts supporting its findings, ruled as follows:

> Importantly, the Court finds that both Harbin and Bestry treated performance under the Bestry Contract inconsistently because there were no construction schedules in place and both parties were lax in enforcing their respective obligations during the term of the contract. Moreover, the Court finds that Harbin incorrectly calculated the amounts due and owing to it from Bestry several times, including in prior demands and payment applications to [Bestry].[5] Despite recommendations from Merjillo, no construction schedule was ever provided by Harbin, which made it difficult, if not impossible, to determine whether Harbin's performance was on track. Moreover, Merjillo's approval of the pay applications was a recommendation, based only upon the review of work "completed" months prior to the date of Merjillo's recommendations, which recommendations themselves ceased on October 10, 2016. Finally, the testimony of the successor contractors to the Bestry Project, WSM and Ariven, have convinced the Court that the work they performed included corrective work, either due to the project sitting for an extended length of time during Harbin's work cessations, or due to faulty construction on Harbin's part.

> Bestry alleges in its First Amended Answer and Counterclaim at ¶ 23 (Aug. 28, 2017) that Harbin was paid a total of $1,931,989.84, by the time Harbin ceased work permanently in February, 2017. This is supported by the evidence at trial. Def.'s Ex. H0001; Jian Lu Testimony at 4:17:44 PM – 4:23:19 PM (Feb. 4, 2020). This amount is $482,481.84 above the original contract cost and the Court cannot find sufficient justification to award an additional $423,672.66 now claimed by Harbin based upon the evidence adduced at trial.

---

[5] The Court notes that this was a typographical error in the original FFCLs. Harbin had submitted pay applications to Bestry; Bestry did not calculate nor submit pay applications *to* Harbin.

*Harbin v. Bestry; Jin Ke v. Harbin*, Civil Case No. CV0405-17
Decision and Order Re. Plaintiff's Rule 52(b) Motion to Make Additional Findings and Amend the Judgment Accordingly
Page 6 of 10

In order for an award of damages to be made, sufficient facts must be introduced to allow the finder of fact to arrive at an intelligent estimate without speculation or conjecture. *Guerrero v. DLB Constr. Co.*, 1999 Guam 9 ¶ 29. At trial, the only evidence presented by Harbin to establish its damages is an amount which Bestry failed to pay for work that the Court cannot deem, from the evidence presented, was part of the original contract or subsequent change orders. The Court adopts the testimony of Menenses, who declared that it is impossible to determine whether amounts are due under a contract without a clear construction schedule, which does not exist. [footnote in original omitted.] For these reasons, Harbin's claims for damages, including amounts "due" under the contract, lost profit and overhead, amounts for reimbursements an amounts for unused material left at the jobsite are DENIED.[6]

The Court proceeded to reject claims for enforcement of Harbin's mechanic's lien, its claim for an additional $460,568.13, for a Jin Ke "change order," and lost overhead and profit, stating:

> Harbin's "Total Claim of Harbin Construction," Pl's Ex. 24, claims it is owed $460,568.13, including the amount of $30,424.70 for a Jin Ke change order that was not produced at trial and about which Merjilla testified did not exist. Also included in its claim is lost overhead and profit on terminated work at 15% in the amount of $29,950.65 which is not permitted by statute or by Bestry or Jin Ke Contracts. The 15% which Harbin claims as lost overhead and profit is reflected in the change order breakdown as "inc. GRT" which is not permitted under the claim of a lien statute either. See Pl's Ex. 12. Harbin also seeks payents made by it on behalf of Bestry and materials it left on the jobsite as part of its claim of lien which is not permitted under law. ...[7]

The Court's Findings of Fact and Conclusions of Law clearly identified specific portions of the record (testimony and documentary evidence) which supports its conclusions of law and final Judgment. Harbin's urging to interpret the evidence differently in its favor is not supported by either the evidence at trial nor the applicable law. As such, Harbin's Motion is **DENIED** on this basis.

---

[6] FFCL at pp. 22 – 24.
[7] FFCL at p. 25.

*Harbin v. Bestry; Jin Ke v. Harbin*, Civil Case No. CV0405-17
Decision and Order Re. Plaintiff's Rule 52(b) Motion to Make Additional Findings and Amend the Judgment Accordingly
Page 7 of 10

## 2. Bestry was awarded the cost of completing the work needed to obtain an Occupancy Permit.

Next, Harbin asserts that the evidence does not support awarding Bestry with completion costs for the Jin Ke contract, which is also related to its final complaint that Bestry was awarded amounts for completing *all* the projects, not just what was required under the Bestry Contract. *See* Mot. at 3, 4. Indeed, the Court awarded Bestry consequential damages, which includes an award of all costs associated with obtaining a Building Permit after Harbin ceased work as well as the substantial completion of the work required to obtain an Occupancy Permit.[8]

The Court's award to Bestry included $493,000.00, which Bestry paid to WSM and Ariven Construction to complete all the work on the building "in order to obtain the Occupancy Permit." FFCL at p. 26. Naturally, the amount of the project's "substantial completion" needed to obtain an Occupancy Permit included work that was part of the Jin Ke Contract.

In support of this determination the Court found, *inter alia*:[9]

¶ 52. Bestry then hired retained a new contractor, WSM Construction, to finish both the Bestry and Jin Ke Projects.

¶ 53. Bestry retained the services of WSM Construction to complete the work remaining under the Harbin contracts as well as additional work requested by Cai. Def. Ex. J0002 and Pl. Ex. 25. WSM Construction representative is Willy Menesis. [Citations omitted.]
...

¶ 56. At the time WSM took over the Projects, Harbin had failed to substantially complete the Projects set forth in the Bestry ad Jin Ke Contracts, as evidenced by the fact that the Occupancy Permit for the building had not been issued by the Department of Public Works (the "DPW"). Menesis Testimony at 9:21:40 AM (Feb. 4, 2020). Generally, an Occupancy Permit may be issued upon substantial completion of a project. Id. At 9:21:45 AM.

¶ 57. As of March 13, 2019, WSM was paid $333,822.63 and then was subsequently paid an additional $30,000. Menesis Testimony at 9:25:15 (Feb. 4, 2020).

---

[8] With regard to the expenses incurred by Bestry in order to obtain another Building Permit after Harbin abandoned the project, the Court made its clear findings of fact in Paragraphs 61 and 62 of the FFCL.
[9] FFCL at pp. 13-14.

*Harbin v. Bestry; Jin Ke v. Harbin*, Civil Case No. CV0405-17
Decision and Order Re. Plaintiff's Rule 52(b) Motion to Make Additional Findings and Amend the Judgment Accordingly
Page 8 of 10

The Court's determination following the presentation of all of the evidence at trial supports the award of consequential damages to Bestry based upon the work required to be done to obtain a Building Permit after Harbin abandoned the Project and an Occupancy Permit for the building and is not based upon any amounts due to Jin Ke, but, irrespective of it.

Harbin's final contention is that the Court initially failed to and, therefore, should make additional findings "as to the cost of completion of the Harbin contract, the cost of completion of the Jinke contract, the cost of completion of the ground floor and second and third floor lobbies, and the cost of completion of the change order work agreed to after Harin left the project site." Mot. at 4. This ignores the Court's findings that, when Harbin ceased its work permanently on February 21, 2017, WSM had to perform, not only the remainder of the work that was remaining on the Harbin contract, but also perform remedial work due to faulty work done by Harbin and by the damage to existing work that resulted as a consequence of the project sitting for an extended period of time after Harbin ceased work on the Project.[10] It also ignores the Court's ruling that "…by the time Harbin stopped work in February 2017, Bestry had fully paid [Harbin] the contract sum of $1,449,508.00 plus nearly $500,000.00 more, for a total of $1,913,229.85, yet the renovations were substantially *not* completed and Bestry was forced to engage the services of WSN and Ariven to complete all the work. Naturally, Bestry was required to hire WSN and Ariven to compete all outstanding work in order to obtain the Occupancy Permit, including work remaining on the Jin Ke Contract."[11]

//

//

---

[10] FFCL at ¶¶ 52 – 65.
[11] FFCL at p. 26.

*Harbin v. Bestry; Jin Ke v. Harbin,* Civil Case No. CV0405-17
Decision and Order Re. Plaintiff's Rule 52(b) Motion to Make Additional Findings and Amend the Judgment Accordingly
Page 9 of 10

## CONCLUSION

The Court finds that Harbin has failed to satisfy its burden under GRCP Rule 52(b) of establishing manifest errors of law or fact in the Court's May 8, 2022 Findings of Fact and Conclusions of Law warranting an amendment. Therefore, for the reasons as stated herein, Harbin's Rule 52(b) Motion to Make Additional Findings and Amend the Judgment Accordingly is **DENIED**.[12] The Judgment issued on July 28, 2024, is **AFFIRMED**.

**SO ORDERED** this 7th day of October, 2024.



_____
**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

---

[12] While reviewing Harbin's Motion and Proposed Amended FFCL, the Court acknowledges three typographical errors in its FFCL, which are corrected here and indicated by underline (correction) and strikethrough (error):

(1) On page 12, para. 48: "48. Harbin's last pay application to Jin Ke, BC#15R07, for the period October 1, 2016, through February 21, 2017, sought payment of ~~$147,743.59~~ $143,743.50, which is the amount Harbin required to finish the Jin Ke Project. Pl. Ex. 9-Y. [footnote omitted]. This amount was not paid and there is no "Architect's Certificate For Payment" signed by Merjillo." Notably, Harbin argues that this constitutes clear error by the Court; however, it was merely a typographical error. In any event, such clerical error is not substantive and does not change the Court's FFCL.

(2) On page 26, lines 19-22: "The testimony at trial is that ~~Harbin~~ Bestry incurred costs [of] $493,000.00 paid to WSM and Ariven Construction to complete the Projects in order to obtain the Occupancy Permit."

(3) On page 29, lines 9-11: "Liquidated Damages shall be calculated as follows: Bestry in the amount of $200 per day and ~~Bestry~~ Jin Ke in the amount of $50 per day,[footnote] reduced as set forth herein."

*Harbin v. Bestry; Jin Ke v. Harbin*, Civil Case No. CV0405-17
Decision and Order Re. Plaintiff's Rule 52(b) Motion to Make Additional Findings and Amend the Judgment Accordingly
Page 10 of 10